# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH JIMINEZ, individually, and as successor in interest of Fernando Geovanni Llanez, deceased; FERNANDO LLANEZ, individually, and as successor in interest of Fernando Geovanni Llanez, deceased<br><br>               Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA; CHULA VISTA POLICE DEPARTMENT; CITY OF CHULA VISTA, a public entity; RONALDO RICARDO GONZALEZ, an individual; MARCUS OSORIO, an individual; CHRIS BARONI, an individual; ANGELA SANCHEZ, an individual; MICHAEL BURBANK, an individual; JEREMY DORN, an individual; ANTHONY CASTELLANOS; an individual, MARK MEREDITH, an individual; DOES 1-100, | Case No.: 17-cv-1205 BTM-AGS<br><br>**ORDER**<br><br>**(1) GRANTING DEFENDANT UNITED STATES' MOTION TO DISMISS [ECF No. 29]**<br><br>**(2) EQUITABLY TOLLING THE STATUTE OF LIMITATIONS**<br><br>**(3) GRANTING DEFENDANT CITY OF CHULA VISTA'S MOTION TO DISMISS WITH LEAVE TO AMEND [ECF No. 15]** |

inclusive,

Defendants.

## I. INTRODUCTION

Defendant United States has moved to dismiss the First Amended Complaint (FAC) for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). (ECF No. 29). The United States asserts that Plaintiff failed to exhaust administrative remedies prior to filing, depriving the district court of subject matter jurisdiction over the FAC's Third, Fourth, and Fifth causes of action. Upon review, the Court concludes it lacks subject matter jurisdiction. Accordingly, Defendant United States' Motion to Dismiss is **GRANTED**. The Court equitably tolls the statute of limitations and gives Plaintiffs leave to file a new action which will be consolidated with this case.

Defendant City of Chula Vista has moved to dismiss "Count Two" of the Third cause of action pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 15). For the reasons set forth below, Defendant Chula Vista's Motion to Dismiss is **GRANTED** with leave to amend.

## II. BACKGROUND

### A. Facts

This action arises out of a fatality that occurred during a drug sting operation on June 14, 2016. (ECF No. 9, "FAC"). Plaintiffs are parents of Fernando Geovanni Llanez ("Llanez"), who Plaintiffs allege was wrongfully shot and killed by an undercover Department of Homeland Security agent

during a drug sting operation. (FAC ¶¶ 3, 20). Plaintiffs name twelve Defendants, including six federal officers and a Federal Task Force Officer named Mark Meredith, who Plaintiffs allege was acting as an employee of the Chula Vista Police Department at the time of the incident. (FAC ¶ 12; ECF No. 28). The FAC avers that the sting operation was organized by the United States Department of Homeland Security (DHS) in coordination with the Drug Enforcement Agency (DEA) and Customs and Border Protection (CBP). (FAC ¶ 22-27). On June 14, 2016, "federal and California law enforcement" transported 2,000 pounds of marijuana from Tijuana and arranged for a buyer. (FAC ¶ 20). Llanez was allegedly hired to drop off and pick up the rental van that would transport the marijuana. (FAC ¶ 20).

Llanez dropped off the empty van at a shopping center in Chula Vista and left the keys. (FAC ¶ 33). Several undercover law enforcement officers, including Agent Gonzalez and Meredith, allegedly picked up the van at 8:45 a.m. (FAC ¶ 34). The van was loaded with the marijuana and driven to the arranged location for pick up. (FAC ¶¶ 35, 38). The FAC alleges that the following individuals and teams were present at the pick up scene: Agent Gonzalez, Agent Castellanos, the confidential informant, an undercover team "of approximately six people," San Diego County Sheriff Deputies, a helicopter, and "one or more officers from the Chula Vista Police Department." (FAC ¶ 36).

Before picking up the van, Llanez was given a taser "in the event the delivery driver tried to injure Llanez or steal the van." (FAC ¶ 42). The FAC states Llanez approached the van and met Agent Gonzalez, who then took the keys and ran. (FAC ¶¶ 44-46). Llanez drew the Taser and ran after Agent Gonzalez. (FAC ¶ 46). Agent Gonzalez shot Llanez four times, killing him. (FAC ¶ 47).

1     Agents Baroni and Burbank picked Gonzalez up in a truck. (FAC ¶ 50). Gonzalez told Baroni and Burbank he believed he had been tased and had possibly killed Llanez. (FAC ¶¶ 50-55). The FAC alleges that "none of the agents in the vehicle attempted to call for medical help for . . . Llanez." (FAC ¶ 55).

**B. Proceedings**

Plaintiffs filed an administrative claim with the Chula Vista Police Department on December 14, 2016, and received a denial of the claim on January 5, 2017. (FAC at ¶ 64, 65; ECF No. 29 at 9). Five months later, on June 6, 2017, Plaintiffs filed their Federal Tort Claims Act (FTCA) administrative claim. (FAC at ¶ 66). A week later, on June 13, 2017, Plaintiffs filed their original complaint, asserting claims under the FTCA among others. (ECF No. 1). On September 22, 2017, Plaintiffs filed their First Amended Complaint ("FAC"), which included the same FTCA claims. (ECF No. 9). On October 12, 2017, Defendant City of Chula Vista moved to dismiss the FAC. (ECF No. 15). Defendant United States moved to dismiss the FAC on February 8, 2018. (ECF No. 29). Defendant United States also substituted itself for individual defendants Ronaldo Gonzalez, Jeremy Dorn, Marcus Osorio, Chris Baroni, Angela Sanchez, Michael Burbank, Anthony Castellanos, and Mark Meredith. (ECF Nos. 28, 32).

**III. LEGAL STANDARD**

A party may move to dismiss an action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). "Subject matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt." *Ashcroft v. Iqbal*, 556 U.S. 662, 671 (2009). "Objections to subject matter jurisdiction . . . may be raised at any time." *Hendersen ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434-35 (2011). For claims brought

under the Federal Tort Claims Act (FTCA), exhaustion of administrative remedies is "a prerequisite for federal court jurisdiction." *Munns v. Kerry*, 782 F.3d 402, 413 (9th Cir. 2015) (citing *Johnson v. United States*, 704 F.2d 1431, 1442 (9th Cir. 1983)).

"A Rule 12(b)(1) jurisdictional attack may be facial or factual. In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (internal citations omitted). When "determin[ing] whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction," the court "[a]ccept[s] the plaintiff's allegations as true and draw[s] all reasonable inferences in plaintiff's favor." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

## IV. DISCUSSION

### A. The United States' Motion to Dismiss

The FTCA, 28 U.S.C. §§ 1346, 2671-2680, "waives the United States' sovereign immunity for tort actions and vests the federal district courts with exclusive jurisdiction over suits arising from the negligence of government employees." *D.L. by & through Junio v. Vassilev*, 858 F.3d 1242, 1244 (9th Cir. 2017) (citing *Jerves v. United States*, 966 F.2d 517, 518 (9th Cir. 1992)). Whether a Plaintiff may file an FTCA action in district court is governed by three timing requirements. *Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1032 (9th Cir. 2013); 28 U.S.C. §§ 2401(b), 2675(a). First, a claimant must exhaust her administrative remedies before filing an FTCA action in district court. 28 U.S.C. § 2675(a); *D.L.*, 858 F.3d at 1244; *Valadez-Lopez*, 656 F.3d at 855. Second, a claimant must present her case to the appropriate federal agency within two years after the claim accrues. 28 U.S.C. § 2401(b); *Kwai Fun Wong*, 732 F.3d at 1032. Third, the action must commence within six

months of the administrative agency's final denial of the claim. 28 U.S.C. § 2401(b); *Kwai Fun Wong*, 732 F.3d at 1032.

The exhaustion requirement is jurisdictional, whereas the statute of limitations requirements are not. *See Munn v. Kerry*, 782 F.3d 402, 413 (9th Cir. 2015); *Kwai Fun Wong*, 732 F.3d at 1032, 1037. Both exhaustion and timing bear on Defendants' Motions to Dismiss and whether Plaintiffs may proceed with their claims. The Court will examine each in turn.

**1. Exhaustion of Administrative Remedies**

Exhaustion of administrative remedies is required prior to filing an FTCA claim in district court. *D.L.*, 858 F.3d at 1244; *Valadez-Lopez v. Chertoff*, 656 F.3d 851, 855 (9th Cir. 2011). "A tort claimant may not commence proceedings in court against the United States without first filing her claim with an appropriate federal agency and either receiving a conclusive denial of the claim from the agency or waiting for six months to elapse without a final disposition of the claim being made." *Valadez-Lopez*, 656 F.3d at 855 (quoting *Jerves*, 966 F.2d at 519). The FTCA specifically provides:

> An action shall not be instituted upon a claim against the United States for money damages . . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a). The exhaustion requirement is jurisdictional and "strictly construed in favor of the United States." *Valadez-Lopez*, 656 F.3d at

855 (quoting *Jerves*, 966 F.2d at 521); *Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000) (stating "because the [administrative exhaustion] requirement is jurisdictional, it must be strictly adhered to"). A failure to exhaust administrative remedies before filing an FTCA action deprives the district court of subject matter jurisdiction. *Brady*, 211 F.3d at 502-3 (affirming decision to grant motion to dismiss for lack of subject matter jurisdiction due to failure to exhaust FTCA administrative remedies).

Subsequent receipt of a formal administrative denial does not cure a premature FTCA filing in district court. *McNeil v. United States*, 508 U.S. 106, 112 (1993). The exhaustion requirement is a "clear statutory command." *Id.* at 113. However, there are limited exceptions to that otherwise bright-line rule. *See Valadez-Lopez*, 656 F.3d at 856; *D.L.*, 858 F.3d at 1244. Courts may give leave to amend "an existing complaint asserting non-FTCA claims to name the United States as a defendant and include FTCA claims once those claims have been administratively exhausted." *Valadez-Lopez*, 656 F.3d at 856. Courts may also give leave to amend despite a premature filing if a plaintiff reasonably did not know one of the named defendants was a federal employee and covered by the FTCA. *D.L.*, 858 F.3d at 1244. But the Ninth Circuit has distinguished these cases from cases in which the claimant "filed *an FTCA lawsuit* before exhausting his or her FTCA administrative remedies." *Valadez-Lopez*, 656 F.3d at 856 (emphasis in original).

Here, Plaintiffs filed *an FTCA lawsuit* in both the original and First Amended Complaints. (ECF No. 1). The United States is named as a Defendant, and the Fourth and Fifth causes of action specifically assert FTCA wrongful death claims. (ECF Nos. 1, 9). The Third cause of action asserts a wrongful death claim under state law, but is tied to the same operative facts as the Fourth and Fifth. (ECF No. 1, 9). Plaintiffs admit that

they filed their original Complaint in district court a week after filing the federal administrative claim, prior to denial and well short of the six-month waiting period. (ECF No. 34 at 9). The FAC was also filed over two months before December 6, 2017, the effective date of the agency's denial. (*See* ECF Nos. 9, 29-1 at 7).

Plaintiffs blame their premature filing on the difficulties of complying with two different statutes of limitations. (ECF No. 34 at 9). Yet Plaintiffs admit that after they received an administrative denial from the City of Chula Vista they waited five months to file their FTCA administrative forms. (ECF No. 34 at 9). Plaintiffs further chose not to file a complaint naming only the City of Chula Vista, which would have given them the option of later amending the Complaint to include the United States. (*See* ECF Nos. 1, 9). Compliance with both statutes of limitations was not an impossibility, and Plaintiffs' unfortunate miscalculation is not a ground for waiving administrative exhaustion requirements.

Plaintiffs further assert that they complied with § 2675(a) because their federal administrative claim was denied before they *served* the United States with the Complaint. (ECF No. 34 at 9). Plaintiffs are mistaken. An FTCA claimant must have exhausted administrative remedies at the time of filing or removal, not at the time of service. 28 U.S.C. § 2675(a) (providing "[a]n action shall not be instituted . . . ."); *McNeil v. United States*, 508 U.S. 106, 112 (1993) (interpreting "institute" as "synonymous with the words 'begin' and 'commence' and concluding "Congress intended to require complete exhaustion . . . before *invocation* of the judicial process") (emphasis added); *D.L. by & through Junio v. Vassilev*, 858 F.3d 1242, 1245 (9th Cir. 2017) (stating jurisdiction is "determined at the time of removal" for claims initiated in state court and that "the FTCA's exhaustion requirement demands that a

8

17-cv-1205 BTM-AGS

plaintiff exhaust his administrative remedies before he *files* an FTCA claim in federal court") (emphasis added). Moreover, the fact that Plaintiffs received an administrative denial after they filed suit does not excuse Plaintiffs' failure to exhaust administrative remedies prior to filing. *See McNeil*, 508 U.S. at 112.

Because Plaintiffs failed to exhaust administrative remedies before filing, the Court does not have subject matter jurisdiction over the FAC. Accordingly, Plaintiffs must file a new complaint as to the Third, Fourth, and Fifth causes of action.

**2. Statute of Limitations**

As outlined above, 28 U.S.C. § 2401(b) requires that an FTCA complaint (1) be presented to a federal agency two years from the date the claim accrues; and (2) the action must commence within six months of receipt of the agency's denial. The agency's effective denial was December 6, 2017. (ECF No. 29-1 at 7). The six month deadline passed in June, while Defendant United States' Motion to Dismiss was pending before the Court.

The Supreme Court has held that the six-month time bar under 28 U.S.C. § 2401(b) is "nonjurisdictional and subject to equitable tolling." *U.S. v. Kwai Fun Wong*, 135 S.Ct. 1625, 1638 (2015). "[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Kwai Fun Wong v. Beebee*, 732 F.3d 1030, 1052 (9th Cir. 2013) (quoting *Credit Suisse (USA) LLC v. Simmonds*, 566 U.S. 221, 227 (2012)). The first showing "requires the effort that a reasonable person might be expected to deliver under his or her particular circumstances." *Id.* (quoting *Doe v. Busby*, 661 F.3d 1001, 1015 (9th Cir. 2011)). "Central to the analysis is whether the plaintiff was 'without any fault'

1 in pursuing his claim." *Id.* (quoting *Fed. Election Comm'n v. Williams*, 104 F.3d 237, 240 (9th Cir. 1996)). As for the second prong, the litigant must establish that "extraordinary circumstances were the cause of his untimeliness and . . . ma[de] it impossible to file [the document] on time." *Id.* (alterations in original) (quoting *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009)). Equitable tolling is generally granted "when litigants are unable to file timely [documents] as a result of external circumstances beyond their direct control." *Id.* (quoting *Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008)).

Plaintiffs have pursued their rights diligently. In Plaintiffs' Opposition to the United States' Motion to Dismiss, dated March 18, 2018, Plaintiffs reminded the Court of the statutes of limitations and offered to amend the FAC or file a new suit to "remove all doubt as to . . . subject matter jurisdiction." (ECF No. 33 at 10). Section 2410(b) did not require Plaintiffs to file an entirely new complaint while waiting for the Court's ruling on the Motion to Dismiss. *See id.* at 1053. Plaintiffs pursued their claims as a reasonable person would under the circumstances. *See id.* The six month deadline thus came and went through no fault of Plaintiffs. *See id.* at 1052.

Plaintiffs also satisfy the second prong. Delays caused by the time it takes for a presiding court to decide a motion can qualify as "extraordinary circumstances." *Id.* at 1053 (concluding equitable tolling was appropriate because plaintiff's failure to file FTCA claim within six months was "due solely" to district court's delay in ruling on motion for leave to amend despite "time to spare"). Here, "[e]xternal circumstances beyond [Plaintiffs] direct control" — the Court's lengthy consideration of all pending motions — made it impossible for Plaintiff to timely file, even after requesting leave to do so should the Court determine it lacked jurisdiction over Plaintiff's FAC. *See id.*

1  The Court therefore finds it appropriate to equitably toll the six-month deadline should Plaintiffs decide to file a new action. The six month statute of limitations is tolled from the filing of the Plaintiffs' opposition (March 18, 2018) to the entry of this order.

**B. City of Chula Vista's Motion To Dismiss**

Also pending before the Court is City of Chula Vista's ("Chula Vista") Motion to Dismiss "Count Two" of Plaintiffs' Third Cause of Action, which asserts a state law negligence claim against Chula Vista. (ECF No. 15). Chula Vista contends that the FAC's allegations as to Chula Vista's role in the federal sting operation are conclusory, and that the "vast majority" of the FAC's allegations demonstrate that "the operation was organized and carried out solely by federal agencies." (ECF No. 15 at 2). Chula Vista argues that Agent Meredith was acting in his capacity as a federal officer, and that nothing in the FAC establishes that Chula Vista or its agents were the proximate cause of Llanez's death. (ECF No. 15 at 2). Even assuming Meredith was acting as an agent for Chula Vista at that time, Chula Vista argues the allegations as to Meredith are insufficient to plead negligence on the part of Chula Vista. (ECF No. 15 at 2).

Plaintiffs argue that Meredith's status as a "cross-sworn federal agent" does not absolve City of its liability for negligence. (ECF No. 23 at 7). Plaintiffs contend that the factual allegations are sufficient to support an inference of City involvement because "City very likely derives substantial monetary benefit from seizures associated with these types of operations" and that "discovery will very likely lead to direct involvement by Chula Vista Police dispatch and departmental involvement in the operation." (ECF No. 23 at 7). Plaintiffs point to allegations in the FAC that Meredith was employed by and acting as an agent of Chula Vista, (FAC ¶¶ 12, 36) and

assert that although Meredith did not actually shoot Llanez, the FAC alleges he was present at the scene and his negligence for "failing to protect" and "render timely first aid" to Llanez was the proximate cause of Llanez's death. (ECF No. 23 at 6-7).

**1. The FAC Fails to Sufficiently Allege That Chula Vista Police Officers Were Involved In the Operation.**

The FAC fails to allege facts showing that Mark Meredith was acting in his capacity as an employee of Chula Vista, rather than as a federal agent, at the time of the fatality. The FAC also fails to allege any involvement or misconduct by other officers in the Chula Vista Police Department. This pleading deficiency weighs against any finding of negligence on the part of the City of Chula Vista.

Plaintiffs aver that the following statement sufficiently alleges that Chula Vista was involved in the operation and that Meredith was acting as Chula Vista's employee at the time of the fatality:

> Defendant OFFICER MARK MEREDITH is and at all times mentioned herein was, an Agent employed by the Defendant CITY OF CHULA VISTA, who was acting within the course and scope of his employment as an Officer acting as a member of the "ROAD KILL TEAM" and employed by the CITY OF CHULA VISTA POLICE DEPARTMENT, who was acting within the course and scope of his employment at the time he undertook the activities alleged herein . . .

(FAC ¶ 12). Plaintiffs also urge the Court to consider the FAC's allegation that "one or more officers from the Chula Vista Police Department" were present or involved in the operation. (FAC ¶ 36).

These allegations that Meredith was acting as Chula Vista's agent during the sting are too conclusory to withstand a 12(b)(6) motion to dismiss, particularly given the United States' substitution for Meredith as a Defendant

12

17-cv-1205 BTM-AGS

and its certification that Meredith is a "Federal Task Force Officer" who was acting as a federal employee at the time of the fatality. (*See* ECF Nos. 28, 32). Moreover, the FAC states the sting operation was organized by the United States Department of Homeland Security (DHS) in coordination with the Drug Enforcement Agency (DEA) and Customs and Border Protection (CBP). (FAC ¶ 22-27). Although the FAC asserts "other Chula Vista police officers" were present on the scene, none of the other factual allegations allege how Chula Vista was involved in planning or executing the operation. (FAC ¶ 36). The FAC alleges that Meredith worked closely with six other named individuals, all of whom were federal agents, in a federal drug sting. (FAC ¶ 22-27). Little in the FAC gives rise to a plausible inference that Meredith was acting in any other capacity than as a federal agent. *See Iqbal*, 556 U.S. at 679 (stating "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief") (internal alterations and quotations omitted). The allegations that Meredith was acting as an agent of Chula Vista at the time, and that other Chula Vista officers happened to be on the scene, are wholly conclusory and not entitled to a presumption of truth. *Id.*

### 2. The FAC Fails To Allege A Facially Plausible Negligence Claim Against Meredith

Even if Meredith was an agent of Chula Vista, the FAC fails to plead facts showing Meredith's negligence. The only factual allegations related to Meredith are that he was present when Llanez picked up the van, and that "one or more officers from the Chula Vista Police Department" were on the scene when Llanez was killed. (FAC ¶¶ 34, 36). The FAC does not allege how Meredith could have protected Llanez from Agent Gonzalez, or provide

facts showing how Meredith could plausibly have rendered aid to Llanez to prevent his death. Plaintiffs' assertion of negligence is thus a legal conclusion unsupported by facts; it therefore fails to meet the pleading standard. *See Iqbal*, 556 U.S. at 678 (providing a complaint will not suffice if it "tenders naked assertions devoid of further factual enhancement") (internal alterations and quotations omitted).

Accordingly, the Court grants Chula Vista's Motion to Dismiss "Count Two" of the FAC's Third Cause of Action, with leave to amend to cure the deficiencies identified above.

**C. CONCLUSION**

For the foregoing reasons, the Court GRANTS Defendant United States' motion to dismiss for lack of subject matter jurisdiction. (ECF No. 29). The Court equitably tolls the statute of limitations from the filing of Plaintiffs' Opposition on March 18, 2018 to the entry of this order. The Court grants Chula Vista's motion to dismiss with leave to amend on or before January 30, 2019. (ECF No. 15). The Clerk shall enter judgment dismissing the case against the United States without prejudice to the filing of a new action.

IT IS SO ORDERED.

Dated: December 12, 2018

Barry Ted Moskowitz, Chief Judge
United States District Court